UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASVHILLE DIVISION

| | |
|---|---|
| NOVO NORDISK INC.<br><br>      Plaintiff,<br><br>    v.<br><br>DUNKLAU PHARMACY HOLDINGS, LLC,<br>D/B/A MIDTOWN EXPRESS PHARMACY;<br>DR. HANK, LLC, D/B/A 247 HEALTH<br><br>      Defendants. | Case No. 3:24-cv-00667<br>Chief Judge William Campbell<br>Magistrate Judge Jeffery S. Frensley |

**FINAL JUDGMENT AND PERMANENT INJUNCTION
ON CONSENT**

This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

It appearing that plaintiff Novo Nordisk Inc. ("Novo Nordisk") filed its Complaint in this action on May 30, 2024, and that defendant Dunklau Pharmacy Holdings, LLC, d/b/a Midtown Express Pharmacy ("Midtown Express") was served with the Complaint on that same day; and

It further appearing that Novo Nordisk and Midtown Express have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the express consent of counsel for plaintiff and counsel for Midtown Express, as indicated below, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), and has jurisdiction over defendant Midtown Express. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiff Novo Nordisk's Complaint states causes of action against defendant Midtown Express for false advertising and unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and Tenn. Code § 47-18-101, *et seq*.

3. Plaintiff Novo Nordisk's OZEMPIC, WEGOVY, and RYBELSUS medicines are the only pharmaceutical products containing semaglutide that have been approved by the U.S. Food & Drug Administration (the "FDA").

4. Defendant Midtown Express has compounded and offered for sale drug products purporting to contain semaglutide ("Compounded Semaglutide Drugs"). The Compounded Semaglutide Drugs sold have not been approved by the FDA and are not genuine OZEMPIC, WEGOVY, or RYBELSUS.

5. Novo Nordisk and Midtown Express have agreed to a settlement agreement that resolves Novo Nordisk's claims against Midtown Express. No monetary award is included in this Final Judgment.

6. Defendant Midtown Express, its members, officers, directors, shareholders, owners, agents, servants, and employees, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from marketing or selling Compounded Semaglutide Drugs.

7. To the extent member Henry Dunklau violates the preceding paragraph and is not acting in concert with Defendant Midtown Express or any other of its members, officers, directors, shareholders, owners, agents, servants, employees, or those in active concert or participation with them, Novo Nordisk's cause of action shall be against Henry Dunklau and not Midtown Express. Midtown Express agrees to cooperate with Novo Nordisk in any such claim.

8. Judgment is hereby entered in favor of plaintiff Novo Nordisk as set forth above. All claims asserted against Midtown Express in this action are hereby dismissed with prejudice, except that this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Final Judgment, and as otherwise provided herein.

9. This Final Judgment shall be deemed to have been served on defendant Midtown Express, its members, officers, directors, shareholders, owners, agents, servants, and employees, and all those in active concert or participation with them as of the date of entry hereof by the Court.

**SO ORDERED,** this  3rd  day of    October   , 2024.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3

CONSENTED TO:

/s/ Steven A. Riley

Steven A. Riley (TN Bar No. 6258)
Milton S. McGee, III (TN Bar No. 24150)
Joseph K. Robinson (TN Bar No. 40440)
RILEY & JACOBSON, PLC
1906 West End Ave.
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tmcgee@rjfirm.com
jrobinson@rjfirm.com

Michael X. Imbroscio (*admitted pro hac vice*)
Amee Frodle (*admitted pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
mimbroscio@cov.com
afrodle@cov.com

Gregory L. Halperin (*admitted pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building,
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1166
ghalperin@cov.com

*Attorneys for Plaintiff*
*NOVO NORDISK INC.*

/s/ Jeffrey H. Gibson

Jeffrey H. Gibson (TN Bar No. 026321)
Brian F. Irving (TN Bar No. 033945)
**Bass, Berry & Sims PLC**
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
jgibson@bassberry.com
birving@bassberry.com

*Counsel for Defendant Midtown Express*